HAMANN, Respondent, v. THEDE, Appellant.

(235 N. W. 124.)

(File No. 6986. Opinion filed February 19, 1931.)

Canfield & Michael, of Luverne, Minn., and B. O. Stordahl, of Sioux Falls, for Appellant.

Krause & Krause and Ervin P. Van Buren, all of Dell Rapids, for Respondent

MISER, C. Respondent, Hamann, from 1911 until the end of 1923 was the tenant on the Minnesota farm of appellant, Thede. The written lease for the year 1923 provided for the payment of rent in the sum of $1,920, represented by two notes of $960 each, one payable on October 15, 1923, the other on January 15, 1924. The lease contained a clause whereby Hamann mortgaged to Thede the crops growing or grown to secure the payment of the rent.

There was no provision therein accelerating the due dates of the notes. However, on September 5, 1923, Thede served notice of foreclosure sale on Hamann, and over Hamann's objections, held the sale on September 15, 1923. At such sale he sold all of the crops raised on the farm. Thereafter Hamann sued Thede, claiming damages for the unlawful conversion of his property. Thede answered by making a general denial and by expressly denying that the chattels described in plaintiff's complaint were of greater value than $3,000.

At the trial it was proven that Thede himself bid in all the crops sold except 4 tons of hay. He admitted that the oats and barley which he bought at bin measurement at the price of 27 and 42 cents per bushel for $1,199.04, he sold at 30 and 45 cents per bushel for $1,533.70, after deducting the expense of hauling. The 102 acres of corn which he bought at $13 per acre was abundantly proven by neighbors and those who husked it to have been worth from $20 to $25 per acre. The proceeds of the foreclosure sale were $2,725.04, and were used by Thede in payment of the two notes and in partial payment of a note of $960 for the unpaid and unsecured balance of the 1922 rent. The issues were submitted to the jury under instructions declaring the sale to have been a conversion of plaintiff's property and that the jury should determine as a matter of fact whether a settlement had been made between the parties after the foreclosure sale. The jury was further instructed that, if it found that there had been no settlement, it should deduct from the value of the property converted the sum of $1,920, being the amount of the rent due, and render a verdict to the plaintiff for the balance. These instructions were not excepted to. The jury returned a verdict in favor of the plaintiff on June 8, 1929, for $2,242.67. Appellant questions the sufficiency of the evidence to justify the verdict.

Respondent claims that appellant was not entitled to prove a settlement or an accord and satisfaction because no such defense was alleged; but, in the view that we take of this case, it is unnecessary to decide that question. Assuming that appellant was entitled to prove a settlement, his evidence in proof thereof was contradicted. Hamann positively denied having made the settlement. It is undisputed that early in November there was a conversation between the parties concerning the potatoes which had been

purchased by Thede in September and which were then not yet dug. Thede told Hamann he could have half of the potatoes if he dug them. Hamann refused to dig them, claiming they were frozen. Thede testified that he then asked Hamann how he would settle, and that Hamann replied that he would "call the whole thing square if you will give me back all my notes." This testimony was corroborated by Thede's lawyer, who had directed the sale. Hamann testified that Thede did offer him half of the potatoes, and that he (Hamann) told him that he did not want them. Hamann denied having made any settlement with Thede after the sale, and positively denied that he offered "to call it square" if Thede gave him all the notes back. The jury heard all these witnesses testify, as did the trial judge, who denied the motion for new trial. Their opportunities for correctly determining the credibility of the witnesses are vastly superior to those of this court. There is no clear preponderance of evidence in favor of appellant which would justify this court in setting aside the verdict of the jury, the judgment rendered thereon, and the order of the trial court denying motion for a new trial.

For the foregoing reasons the judgment and order must be, and they are, affirmed.

POLLEY, P. J., and CAMPBELL, BURCH, ROBERTS, and WARREN, JJ., concur.